Filed 11/3/21  Nguyen v. Inter-Coast Internat. Training CA2/4

**NOT TO BE PUBLISHED IN THE OFFICIAL REPORTS**

**California Rules of Court, rule 8.1115(a), prohibits courts and parties from citing or relying on opinions not certified for publication or ordered published, except as specified by rule 8.1115(b).  This opinion has not been certified for publication or ordered published for purposes of rule 8.1115.**

IN THE COURT OF APPEAL OF THE STATE OF CALIFORNIA

SECOND APPELLATE DISTRICT

DIVISION FOUR


| | |
|---|---|
| ANTHONY NGUYEN et al., | B305944 |
| Plaintiffs and Appellants, | (Los Angeles County Super. Ct. No.BC461585) |
| v. | |
| INTER-COAST INTERNATIONAL TRAINING, INC., | |
| Defendant and Respondent. | |


APPEAL from a judgment of the Superior Court of Los Angeles County, David Sotelo, Judge.  Affirmed.

Aequitas Legal Group, Ronald H. Bae, Olivia D. Scharrer for Plaintiffs and Appellants.

Law Offices of Neil C. Evans and Neil C. Evans; Roxborough, Pomerance, Nye & Adreani and Michael B. Adreani for Defendant and Respondent.

**INTRODUCTION**

Plaintiff Anthony Nguyen filed a class-action lawsuit in May 2011 against employer Inter-Coast International Training, Inc. for various Labor Code violations. Plaintiff Cheryl Alexander was added as a named plaintiff in May 2015, and the court granted class certification in September 2015. The case was stayed twice while Inter-Coast appealed court rulings denying petitions to compel arbitration. A trial was set for January 2020, just inside the five-year deadline under Code of Civil Procedure, section 583.310.[1]

The parties discovered at the final status conference two weeks before trial that the court had granted summary judgment in favor of Inter-Coast against a majority of class members, but the court had not served the written ruling on the parties. Plaintiffs then requested additional time to name a new class representative. Inter-Coast moved to dismiss under the five-year rule, asserting that the active time of the case, not including the two stays during appeals, exceeded five years. Plaintiffs opposed the motion to dismiss, asserting that an additional 14-day stay should be subtracted from the five-year period, and that the court's failure to serve the parties with a ruling on a discovery motion prevented them from completing discovery before trial. The court rejected plaintiffs' contentions, granted Inter-Coast's motion to dismiss, and denied plaintiffs' request to amend the complaint. Plaintiffs appealed.

We affirm. The active time in the case exceeded five years, subtracting the two appeal stays and a 14-day stay in May and

_____

[1] All further statutory references are to the Code of Civil Procedure unless otherwise indicated.

June 2012 while Inter-Coast's first petition to compel arbitration was pending. Plaintiffs have failed to demonstrate that any additional periods, including the time in which the court did not serve the discovery ruling on the parties, should be deemed a period in which it was "impossible, impracticable, or futile" for plaintiffs to bring the case to trial. (§ 583.340.) Because we find no error regarding the court's ruling on Inter-Coast's motion to dismiss, we do not address plaintiffs' additional contentions that the court erred in granting Inter-Coast's motion for summary judgment and denying plaintiffs' request for leave to amend the complaint after summary judgment was granted.

**FACTUAL AND PROCEDURAL BACKGROUND**

A.    *Five-year rule*

At issue in this case is the five-year rule—the requirement that "an action shall be brought to trial within five years after the action is commenced against the defendant." (§ 583.310.) If the action is not brought to trial within five years, the "action shall be dismissed by the court on its own motion or on motion of the defendant, after notice to the parties. . . . The requirements of this article are mandatory and are not subject to extension, excuse, or exception except as expressly provided by statute." (§ 583.360, subds. (a), (b).)

In computing the five-year time period, time is excluded "during which any of the following conditions existed: (a) The jurisdiction of the court to try the action was suspended. (b) Prosecution or trial of the action was stayed or enjoined. (c) Bringing the action to trial, for any other reason, was impossible, impracticable, or futile." (§ 583.340.) The applicability of subdivision (a) is not at issue in this case. "[S]ubdivision (b) contemplates a bright-line, nondiscretionary rule that excludes . .

3

. only that time during which all the proceedings in an action are stayed. Subdivision (c) gives the trial court discretion to exclude additional periods, including periods when partial stays were in place, when the court concludes that bringing the action to trial was 'impossible, impracticable, or futile.'" (*Bruns v. E-Commerce Exchange, Inc.* (2011) 51 Cal.4th 717, 726 (*Bruns*).)

B.    *Procedural background*

The five-year period for this case commenced on May 13, 2011, when Nguyen filed a class-action complaint against Inter-Coast, alleging six causes of action for various wage-and-hour violations.[2] Nguyen alleged that Inter-Coast, doing business as Intercoast Colleges, failed to pay employees for all time worked, failed to pay overtime, failed to provide adequate meal and rest breaks, and committed other Labor Code violations.

On May 30, 2012, Inter-Coast filed a petition to compel arbitration and stay proceedings. The following day, Inter-Coast filed an ex parte application seeking extension of a court-ordered discovery deadline on the basis that the petition to compel arbitration "stays this action for all purposes" until the court ruled on the petition. In its May 31, 2012 ruling granting Inter-Coast's ex parte application, the court set a shortened briefing schedule for the petition to compel arbitration, and stated, "Court

---

[2] The appellants' appendix in this case consists of 11 volumes. The briefing from both parties includes citations only to the relevant page numbers, without any volume designations. We remind counsel that "[e]ach brief" must "[s]upport any reference to a matter in the record by a citation *to the volume and page number of the record where the matter appears.*" (Cal. Rules of Court, rule 8.204(a)(1)(C) (emphasis added).)

4

finds case is stayed, pending ruling on petition." On June 14, 2012, the court denied the petition.

On June 15, 2012, Inter-Coast filed a notice of appeal challenging the court's denial of its petition to compel arbitration. This court affirmed the trial court's ruling in an unpublished decision. (*Nguyen v. Inter-Coast Internat. Training, Inc.* (Aug. 21, 2013, No. B241938) [nonpub. opn.].) The remittitur was issued on October 23, 2013. The superior court case was therefore stayed for 495 days from June 15, 2012 to October 23, 2013.

The first amended complaint, filed on May 22, 2015, added Alexander as a plaintiff and putative class representative for certain claims. On September 21, 2015, the court granted class certification.

On October 23, 2015, Inter-Coast filed a petition to compel arbitration of all claims by class members who had signed arbitration agreements. Again, Inter-Coast requested that the court stay the action until the petition was decided. The court did not order a stay before the hearing. The petition was heard on January 12, 2016, and the court took the matter under submission. On February 1, 2016, the court denied the petition.

On February 16, 2016, Inter-Coast filed a notice of appeal from the court's ruling on the petition to compel arbitration. This court affirmed the trial court's ruling in an unpublished decision. (*Nguyen v. Inter-Coast Internat. Training, Inc.* (Apr. 20, 2018, No. B270305) [nonpub. opn.].) The remittitur was issued on June 20, 2018. The superior court case was therefore stayed for 854 days from February 16, 2016 to June 20, 2018.

5

C.     *Motion for summary judgment and motion to dismiss based on the five-year rule*

On April 18, 2019, the court scheduled a final status conference for December 5, 2019 (it was later continued to December 19, then January 8, 2020), and set the trial for January 21, 2020.  Plaintiffs' counsel noted at a later hearing that "the trial date of January 21st was set with the five-year clock in mind."

On July 19, 2019, Inter-Coast filed a motion for summary judgment.  It asserted that the two class representatives and 247 of the 418 class members signed releases or settlement agreements "acknowledging the receipt of any and all monies owed to them, and releasing, waiving and discharging any potential claims against Intercoast that they may have, including all those covered by this lawsuit."  Inter-Coast also asserted that it paid all wages due and did not engage in any rest or meal break violations.

Plaintiffs opposed the motion.  They argued the releases the named plaintiffs and other class members signed were unenforceable because employees were required to sign the releases in order to receive their final paychecks in violation of Labor Code section 206.5, subdivision (a).  Plaintiffs also asserted that the releases constituted improper communications between Inter-Coast and class members.  Further, plaintiffs contended there were triable issues of fact regarding whether Inter-Coast provided required rest and meal breaks.  Plaintiffs also requested a continuance because they were waiting for Inter-Coast "to produce the class members' time and payroll records in response to Plaintiffs' merits discovery requests."  Inter-Coast filed a reply in support of its motion.

The parties argued their positions at the hearing on the motion for summary judgment on October 3, 2019, and the court took the matter under submission.

On October 23, 2019, plaintiffs filed an ex parte application seeking sanctions against Inter-Coast and asking the court to issue a written order reflecting rulings made at a September 20, 2019 discovery conference. Plaintiffs asserted that Inter-Coast was not complying with discovery obligations regarding document production or scheduling depositions. According to the court's October 24, 2019 minute order, the court denied the ex parte application. However, on October 25, 2019 the court signed a proposed order submitted by plaintiffs requiring Inter-Coast to make documents available for copying and setting certain deposition dates. The court apparently did not serve this written order on the parties.

At the final status conference on January 8, 2020, the parties noted that the court had not ruled on the motion for summary judgment. The court stated that it had ruled on the motion for summary judgment, but then realized the ruling had never been served on the parties. The court gave the parties its written ruling, dated October 25, 2019, granting Inter-Coast's motion for summary judgment. In its ruling, the court held that the named plaintiffs and 247 of the 418 class members signed releases and/or settlement agreements releasing their claims against Inter-Coast and acknowledging receipt of all wages due. The court also found that by signing these releases, the named

7

plaintiffs and 247 class members released all other claims regarding rest and meal breaks.[3]

After reviewing the order granting the motion for summary judgment, plaintiffs' counsel asked for a continuance to amend the complaint to substitute as class representative a plaintiff who did not sign a release. The court and parties acknowledged that trial was set for January 21. Inter-Coast discussed its intent to bring a motion to dismiss the case based on the five-year rule; plaintiffs' counsel acknowledged that the five-year period would expire "sometime at the end of January." The court asked the parties to confer, vacated the trial date, and set a further status conference for the former trial date, January 21.

The status conference took place on January 21, and extended to the following day, January 22. Plaintiffs' counsel stated that 171 class members remained following summary judgment, and requested leave to replace the class representative. Plaintiffs' counsel said he would be willing to make an oral motion immediately, or set a briefing schedule for a written motion, but "given the five-year clock, . . . we would have to do that fairly quickly." Plaintiffs' counsel also stated that "the trial date has to be February 6, which is the five-year deadline, unless . . . defense counsel on the record here today stipulates to waiving the five-year trial date." Defense counsel did not agree that February 6 was the five-year deadline; he believed the deadline expired on January 21. Defense counsel did not stipulate to waive the five-year restriction.

---

[3] The court's ruling did not address the status of claims of the class members who did not sign releases or settlement agreements.

Plaintiffs' counsel also said plaintiffs were "waiting for an order from the court as to the taking of several deponents [*sic*]," presumably referring to the October 23 ex parte request regarding discovery. Plaintiffs' counsel said, "We have not been able to take any depositions because defendants would not cooperate and produce those deponents without a signed court order." Inter-Coast's counsel disagreed that any discovery had been limited, stating, "We didn't hear anything from [plaintiffs' counsel] from October 23rd until we were in court yesterday, bringing up the issue of discovery." Defense counsel also said, "[F]rom October 23rd to January 20 he said nothing about discovery. Didn't use that time frame to try to complete discovery. . . ." Plaintiffs' counsel asserted that they only received the order on the discovery motion sometime during the January 21-22 hearing.

The court set a briefing schedule for Inter-Coast's motion to dismiss and plaintiffs' motion for leave to amend the complaint, and set a hearing for February 3. Plaintiffs' counsel asked the court to stay the case in the meantime; the court denied the request.

In its written motion to dismiss, Inter-Coast asserted that the five-year period expired on January 21, 2020, based on the date the complaint was filed minus the stays for the two appeals. Inter-Coast argued there were no other "complete" stays of the case relevant to the five-year calculation. Inter-Coast noted that the court stated in its May 31, 2012 minute order that the "case is stayed, pending ruling on [Inter-Coast's] petition" to compel arbitration, but Inter-Coast asserted this was only a discovery stay that did not affect the five-year rule.

9

Plaintiffs opposed the motion. They agreed the two appeals constituted complete stays of the case. They asserted that the court's May 31, 2012 order imposed a complete stay, not just a discovery stay, and therefore the 14-day period between May 31 and June 14, 2012 should be subtracted from the five-year period. Plaintiffs asserted that the five-year period therefore ended on February 6, 2020.

Plaintiffs also noted that section 583.340, subdivision (c), excludes time from a five-year calculation in which "[b]ringing the action to trial . . . was impossible, impracticable, or futile." Plaintiffs asserted that "the parties did not receive the Court's signed Order on the rulings at the hearings on July 22, 2019, September 20, 2019 and October 24, 2019 until January 21, 2020," and during this time, they were "prevented from taking critical depositions to prepare for trial and conduct other merits discovery." Plaintiffs argued that this period must be excluded from the five-year calculation. Plaintiffs submitted several motions to compel and other communication with defense counsel regarding attempts to complete discovery; all of the evidence pre-dated the end of October 2019.

In addition, plaintiffs cited section 583.350, which states that a party may have an additional six months to bring a case to trial if "at the end of the period of tolling or extension less than six months remains" before the case must be brought to trial.[4]

_____

[4] Section 583.350 states in full, "If the time within which an action must be brought to trial pursuant to this article is tolled or otherwise extended pursuant to statute with the result that at the end of the period of tolling or extension less than six months remains within which the action must be brought to trial, the action shall not be dismissed pursuant to this article if the action

Plaintiffs asserted, "Based on Plaintiffs' calculations, the five-year period expires on February 6, 2020. If Defendant's motion is denied on February 3, 2020, that only provides 3 days to bring the case to trial. Thus, under Section 583.350, Plaintiffs are entitled to bring the case to trial within six months, i.e., by August 6, 2020."

Inter-Coast filed a reply in support of its motion. It reiterated the contentions in its motion, and asserted that the October 25 discovery order had been available on the court's online docket since it was signed. Inter-Coast asserted that plaintiffs' failure to review the online docket for the ruling on its discovery motion did not constitute a tolling event. It also asserted that the six-month add-on in section 583.350 did not apply, because there had been no stay of the case in the preceding six months.

Meanwhile, plaintiffs filed their motion for leave to file a second amended complaint and to name a new class representative. They argued that because the court granted summary judgment for part of the class, including the class representatives, the court should grant leave to allow a different plaintiff to represent the remaining 171 class members. Plaintiffs acknowledged that Inter-Coast may need to "test the adequacy of the proposed class representative via deposition or other means." They argued that Inter-Coast would not be prejudiced by the amendment, and any delay was "one of Defendant's own making because Defendant waited some 8 years" to bring the motion for summary judgment.

is brought to trial within six months after the end of the period of tolling or extension."

11

Inter-Coast opposed plaintiffs' motion, asserting there was no good cause for the delay in adding a new class representative because plaintiffs had known for years about the signed releases that were the basis of the motion for summary judgment. Inter-Coast also stated that the new proposed class representative had signed a binding arbitration agreement, and her employment with Inter-Coast started more than five years after the lawsuit began. Inter-Coast also asserted that beginning discovery with a new class representative nine years into the case would be prejudicial.

In their reply, plaintiffs argued that the arbitration agreement the proposed class representative signed was unenforceable. They also asserted that there was no basis for replacing the class representatives before the court granted the motion for summary judgment.

At the hearing on both motions on February 3, 2020, the court took both motions under submission. On February 13, the court issued a written ruling stating, "Defendant's motion to dismiss under [the] 5 year rule is granted. [¶] Plaintiff[s'] motion for leave is denied." The court entered judgment for Inter-Coast on March 16, 2020. Plaintiffs timely appealed.

## DISCUSSION

Plaintiffs argue that the five-year deadline had not yet expired when the court granted Inter-Coast's motion to dismiss. They assert that in addition to the two appeal stays, the court should have subtracted time while the two arbitration petitions were pending, and the periods in which the court failed to serve the rulings on the motion for summary judgment and the October 2019 discovery motion. Inter-Coast asserts that other than the two appeal stays, no other time should be subtracted from the

12

five-year period. We find that the court imposed a 14-day stay in May and June 2012 while Inter-Coast's first petition to compel arbitration was pending, and no other time periods are exempted from the five-year period. Thus, the five-year period had expired when the court ruled on Inter-Coast's motion to dismiss on February 13, 2020, and the motion was appropriately granted. Because we find no error regarding the court's dismissal, we do not address plaintiffs' additional contention that the court erred in granting Inter-Coast's motion for summary judgment.

A.    *Stays under section 583.340, subdivision (b)*

Under Government Code section 6803, a year is a period of 365 days, even in leap years, in which February 28 and 29 are counted as a single day.[5] Thus, a five-year period is 1,825 days. In addition, "[t]he time in which any act provided by law is to be done is computed by excluding the first day, and including the last." (Gov. Code, § 6800.) The complaint was filed on May 13, 2011, and the court's order dismissing the case was entered on February 13, 2020—a period of 3,196 days, excluding the two leap year days within that period.

Section 583.340, subdivision (b), provides that time in which "[p]rosecution or trial of the action was stayed or enjoined" shall be excluded from the five-year period. The case was stayed for 495 days for the first appeal and 854 days for the second appeal, for a total of 1,349 days. Subtracting these two stays from the 3,196 days between filing and dismissal, the case was active

---

[5] "'Year' means a period of 365 days. . . . The added day of a leap year, and the day immediately preceding, if they occur in any such period, shall be reckoned together as one day." (Gov. Code, § 6803.)

13

for 1,847 days—longer than five years (1,825 days).  Defendant asserts that these two appeal stays were the only periods that warranted legitimate exclusions from the five-year period, and therefore the motion was properly granted.

Plaintiffs assert that two additional stays should be excluded from the five-year period.  They note that Inter-Coast filed its first petition to compel arbitration on May 30, 2012 and requested that the case be stayed.  In the ex parte application filed May 31 seeking to extend previously ordered discovery deadlines, Inter-Coast argued that the petition to compel arbitration stayed the entire case.  In its ruling granting Inter-Coast's ex parte application, the court stated, "Court finds case is stayed, pending ruling on petition."  On June 14, the court denied Inter-Coast's petition to compel arbitration. Plaintiffs therefore assert the case was stayed during the 14-day period between May 31 and June 14, 2012.  They rely on section 1281.4, which states in part, "If an application has been made . . . for an order to arbitrate a controversy which is an issue involved in an action or proceeding pending before a court of this State and such application is undetermined, the court in which such action or proceeding is pending shall, upon motion of a party to such action or proceeding, stay the action or proceeding until the application for an order to arbitrate is determined. . . ."

Inter-Coast argues that the court's May 31 ruling "merely stayed discovery," and did not stay the entire case.  This position is not supported by the record. In its ex parte application, Inter-Coast argued that the petition to compel arbitration "stays the action for all purposes."  The court granted the ex parte application, presumably based on the arguments Inter-Coast asserted, and stated that the "*case* is stayed"—not that discovery

14

was stayed. It therefore appears the case was stayed for 14 days between May 31 and June 14, and such a stay meets the requirements of Section 583.340, subdivision (b).

Plaintiffs also argue for the first time on appeal that the case was stayed for an additional 102 days between the time Inter-Coast filed its second petition to compel arbitration on October 23, 2015 and the date the court denied that petition, February 1, 2016. Plaintiffs acknowledge that during this period, the court set a status conference without mentioning any stay, and "the trial court did not expressly rule on the motion for [a] stay."

Plaintiffs forfeited this contention by not raising it below. (See *Perez v. Grajales* (2008) 169 Cal.App.4th 580, 591 (*Perez*) ["'[I]t is fundamental that a reviewing court will ordinarily not consider claims made for the first time on appeal which could have been but were not presented to the trial court'"].) Even if this argument had been preserved, however, the record does not support it. Plaintiffs' argument suggests that a stay was imposed by Inter-Coast's motion alone and no action by the court, but "[t]he filing of a petition to compel arbitration does not automatically stay ongoing proceedings." (*OTO, L.L.C. v. Kho* (2019) 8 Cal.5th 111, 140; see also section 1281.4 [when a petition to compel arbitration is filed, "*the court . . .* shall, upon motion of a party to such action or proceeding, stay the action or proceeding" (emphasis added)].) Moreover, the case summary submitted with the record on appeal indicates that proceedings were not stayed. During this time period, the court ordered notice to be served regarding the class certification, the parties filed documents relating to Inter-Coast's motion for reconsideration of the class certification ruling, and plaintiffs

15

moved for sanctions against Inter-Coast. The record therefore does not support plaintiffs' contention that the case was stayed from October 23, 2015 to February 1, 2016.

In total, the case was stayed for 1,363 days (495 + 854 + 14). Subtracting these stays from the total time of the case (3,196 days), the case was active for 1,833 days on the date the court granted the motion to dismiss—longer than a five-year, 1,825-day period.

B.      *The "impossible, impracticable, or futile" exception under section 583.340, subdivision (c)*

Plaintiffs contend that additional time should be excluded from the five-year period under section 583.340, subdivision (c), which states that time may be excluded when "[b]ringing the action to trial . . . was impossible, impracticable, or futile." Plaintiffs assert that the five-year period should not include the days between September 24, 2019 and January 22, 2020, while plaintiffs "were seeking to enforce a court order requiring Inter-Coast to substantively respond to merits discovery requests."[6] Plaintiffs assert that they therefore had an additional six months to bring the case to trial under section 583.350.

---

[6] Plaintiffs also assert for the first time on appeal that it was impossible, impracticable, or futile to bring the case to trial while waiting for the ruling on the motion for summary judgment. As noted above, we do not consider contentions made for the first time on appeal that could have been but were not presented to the trial court. (*Perez, supra,* 169 Cal.App.4th at p. 591.) This contention has been forfeited. In addition, as discussed in this section, the record does not support plaintiffs' contentions.

"To avoid dismissal under the section 583.340, subdivision (c) exception, [plaintiffs] must prove (1) a circumstance establishing impossibility, impracticability, or futility, (2) a causal connection between the circumstance and the failure to move the case to trial within the five-year period, and (3) that [they were] reasonably diligent in prosecuting [the] case at all stages in the proceedings." (*Tanguilig v. Neiman Marcus Group, Inc.* (2018) 22 Cal.App.5th 313, 323.) "'Time consumed by the delay caused by ordinary incidents of proceedings, like disposition of demurrer, amendment of pleadings, and the normal time of waiting for a place on the court's calendar are not within the contemplation of [the] exceptions'" to the five-year rule under section 583.340, subdivision (c). (*Bruns, supra,* 51 Cal.4th at p. 731.)

"Determining whether the subdivision (c) exception applies . . . depends 'on the obstacles faced by the plaintiff in prosecuting the action and the plaintiff's exercise of reasonable diligence in overcoming those obstacles.'" (*Bruns, supra,* 51 Cal.4th at p. 731.) "The exercise of such diligence includes the obligation to monitor the case in the trial court to ascertain whether any filing, scheduling or calendaring errors have occurred. [Citation.] This is particularly true where the circumstances are such that a party should reasonably conclude that the court has in fact made some calendaring error. . . . Indeed, the diligence required of a litigant increases as the five-year deadline approaches. It is then that the greatest diligence is required." (*Wilshire Bundy Corp. v. Auerbach* (1991) 228 Cal.App.3d 1280, 1287.)

"The question of impossibility, impracticability, or futility is best resolved by the trial court, which 'is in the most advantageous position to evaluate these diverse factual matters

17

in the first instance.' [Citation.] The plaintiff bears the burden of proving that the circumstances warrant application of the section 583.340(c) exception." (*Bruns, supra,* 51 Cal.4th at p. 731.) "The trial court has discretion to determine whether the impossibility exception applies, and that decision will be disturbed on appeal only if an abuse of that discretion is shown." (*Perez, supra,* 169 Cal.App.4th at pp. 590-591.)

Plaintiffs assert, "It would have been impracticable, impossible, or futile to bring the case to trial for 119 days when [plaintiffs] were waiting for the court to sign a discovery order compelling Inter-Coast to comply with merits discovery requests." Plaintiffs assert that due to the complexity of the case and Inter-Coast's "tactics," plaintiffs' efforts to complete discovery were thwarted throughout the case. They argue, "Because of Inter-Coast's refusal to comply with its discovery obligations in the absence of a court order, [plaintiffs] were not able to conduct discovery while waiting for the order to be signed." Inter-Coast's respondent's brief does not acknowledge these arguments.

By granting the motion to dismiss, the trial court impliedly rejected plaintiffs' contentions, and plaintiffs have not demonstrated that this conclusion constituted an abuse of discretion. Nothing in the record suggests that plaintiffs unsuccessfully sought to complete discovery between October 2019 and January 2020. The hearing on January 8 was supposed to be the final status conference,[7] trial was set for January 21, and plaintiffs were aware that the five-year deadline was

_____

[7] The final status conference was originally set for December 5, 2019. It was continued to December 19, 2019, then continued again to January 8, 2020.

18

approaching. Yet there is no indication in the record that plaintiffs attempted to complete discovery, filed motions in limine, exchanged witness lists, or completed other trial preparation tasks prior to the final status conference.[8] Plaintiffs argue that Inter-Coast was frustrating plaintiffs' discovery efforts, but plaintiffs did not show any communications discussing discovery with defense counsel or attempts to complete discovery after October 2019. Indeed, plaintiffs represented to the trial court in their opposition to Inter-Coast's motion to dismiss that the parties largely agreed on the discovery deadlines but could not agree on the exact language for the court's proposed discovery order.

Although the court was remiss in failing to serve the written orders once signed, Inter-Coast stated that the order had been available on the court website since October 2019, and plaintiffs' counsel did not contact the court to ask about the order between the end of October and the final status conference.[9]

---

[8] See, e.g., Super. Ct. L.A. County, Local Rules, rule 3.25(f)(1) ("At least five days prior to the final status conference, counsel must serve and file lists of pre-marked exhibits to be used at trial [citation], jury instruction requests, trial witness lists, and a proposed short statement of the case to be read to the jury panel explaining the case") and rule 3.25(f)(2) ("the parties must file and serve any trial preparation motions and dispositive motions, other than summary judgment motions, including motions in limine or bifurcation motion, with timely statutory notice so as to be heard on the day of the final status conference").

[9] In their briefs, plaintiffs state that they "contacted the court clerk several times to inquire if the order had been signed." They cite a declaration by plaintiffs' counsel signed October 23

19

Plaintiffs did not even raise the issue of the discovery ruling on January 8, 2020; they only requested the ruling at the later hearing, January 21, 2020, the day trial was scheduled to begin. These facts do not suggest that plaintiffs were reasonably diligent in seeking to bring the case to trial, and that lack of the discovery order rendered such efforts impossible, impracticable, or futile. Plaintiffs have not demonstrated that the trial court abused its discretion in finding that that the exception under section 583.340, subdivision (c) did not apply.

Plaintiffs therefore have not demonstrated error in the court's ruling granting Inter-Coast's motion to dismiss under the five-year rule. The case was appropriately dismissed on this basis. As such, we do not reach plaintiffs' alternate contentions that Inter-Coast's motion for summary judgment should have been denied, or that the court should have granted plaintiffs' request for leave to amend the complaint.

## DISPOSITION

The judgment is affirmed. Respondent is awarded costs on appeal.

**NOT TO BE PUBLISHED IN THE OFFICIAL REPORTS**

COLLINS, J.

We concur:

MANELLA, P. J.                    CURREY, J.

---

and filed with the ex parte motion. There is no indication in the record that plaintiffs contacted the court for an order after the October 23 ex parte.